IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DARRYL MAURICE YOUNG,

    Plaintiff,

v.                                                  CASE NO. 4:14-cv-495-RH-GRJ

JAMES WILLIAMS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a Civil Rights complaint on the court's standard form. (Doc. 1.) Although Plaintiff has not paid the $400 filing fee, nor filed a motion for leave to proceed *in forma pauperis*, it is clear that Plaintiff's complaint is subject to dismissal. Accordingly, for the reasons discussed below, it is respectfully **RECOMMENDED** that this cause be dismissed pursuant to 28 U.S.C. § 1915(g), and for abuse of the judicial process.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff claims that he was scheduled for a law-library call-out at the same time when he was apparently supposed to report for duty in food service. He did not report to food service, and was accordingly disciplined. Plaintiff claims that this discipline was imposed without proper investigation, and he was convicted of the violation alleged. Plaintiff also alleges that he did not receive credit for gain time, which violates his due process rights. Plaintiff also makes some vague references to suffering from chronic physical and mental impairments as a result of his incarceration. As relief Plaintiff seeks nominal, compensatory and punitive damages, and a temporary, preliminary, and

permanent injunction. (Doc. 1.)

## DISCUSSION

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is commonly known as the PLRA's "three strikes" rule. "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger. *Miller v. Donald*, 541 F.3d 1091, 1095 (11th Cir. 2008); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has run afoul of 28 U.S.C. §1915(g) three strikes rule. Plaintiff has previously filed three cases which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. They are:

- *Young v. FNU Rios*, Case No. 5:07-cv-2-WTH-GRJ (M.D. Fla. July 30, 2007) (dismissing for failure to state a claim)

- *Young v. Clayton*, Case No. 5:13-cv-184-SDM-PRL (M.D. Fla. July 16, 2013) (dismissing for failure to state a claim). Plaintiff took an appeal from this case, which also counts as a strike.

- *Young v. McNeil*, Case No. 4:09-cv-72-RS-WCS (N.D. Fla. August 11, 2003) (dismissing for abuse of the judicial process). Plaintiff took an appeal from this

case, which also counts as a strike.

A Report and Recommendation was also recently entered in another one of Plaintiff's cases, recommending that the case be dismissed pursuant to 28 U.S.C. § 1915(g). *Young v. Johnson et al.*, Case No. 4:13-cv-473-MW-CAS (Report and Recommendation entered October 1, 2014).

Although Plaintiff has not filed a motion to proceed *in forma pauperis*, he has failed to pay the filing fee required for this case. Because Plaintiff is not entitled to proceed as a pauper under 28 U.S.C. § 1915, he must pay the filing fee when he initiates his case. Furthermore, his complaint has been reviewed, and his allegations do not suggest that he is in "imminent danger of serious physical injury." Accordingly, Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes under the PLRA and because he does not allege that he is in any imminent danger. However, this dismissal should be without prejudice. If Plaintiff wishes to pursue this case, he must re-file it and pay the $400 filing fee required.

Lastly, even if Plaintiff had paid the filing fee in this case, this case would still be subject to dismissal for abuse of the judicial process because Plaintiff failed to truthfully disclose all of his past federal cases.

Plaintiff executed the civil rights complaint form under penalty of perjury. (Doc. 1 at 28.) Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits. In response to each of the questions on the form, Plaintiff checked "yes" and listed a single case. However, even construing Plaintiff's answers to these questions liberally, he has disclosed at most four cases, and

he has not come close to providing the Court with the required information on his previous litigation history.  In addition to disclosing only four cases, at most, Plaintiff has not given the Court any information by which to identify these cases.  He has not disclosed case numbers, the date of filing, the date of or reason for dismissal, or any basic information on the facts and claims of the case, as required.  A review of the Court's PACER Case Locator reflects that Plaintiff has filed over twenty cases in the District Courts of Florida.  The Court cannot identify which of Plaintiff's cases he attempted to disclose with the bare information he has provided, but it is clear that he has failed to identify all of them.  (Doc. 1 at 3-4.)

Plaintiff is well aware of the necessity of providing accurate information to the Court, as not only has he filed many cases while incarcerated, one of his prior cases was dismissed for his failure to disclose.  *Young v. McNeil*, Case No. 4:09-cv-72-RS-WCS (N.D. Fla. August 11, 2003).[1]  In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[2]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but

---

[1]This case also provides a listing of all prior cases filed by Plaintiff until that time. There is no need to reiterate all of those cases here.

[2]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

*Case No: 4:14-cv-495-RH-GRJ*

the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-

151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

## CONCLUSION

Based on the foregoing, it is respectfully **RECOMMENDED** that this case should be dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes and for abuse of the judicial process.

**IN CHAMBERS**, at Gainesville, Florida, this 2nd day of October, 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.